# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM BUTLER, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:10-cv-01297-GMN-PAL |
| vs. ) | |
| ) | **ORDER** |
| MGM MIRAGE, et al., ) | |
| ) | |
| Defendants. ) | |

Pending before the Court is Defendant MGM Mirage's Motion to Dismiss Plaintiff's Second Cause of Action (ECF No. 5), Plaintiff William Butler's Response (ECF No. 10), and Defendant's Reply (ECF No. 12). For the reasons that follow, Defendant's Motion is STAYED pending the resolution of the question of law certified to the Nevada Supreme Court by this Court's August 9, 2010 Order (ECF No. 20) in 2:10-cv-00303-GMN-LRL, *Robertson v. Wynn Las Vegas LLC*.

**I.    BACKGROUND**

Plaintiff William Butler ("Plaintiff") was employed by Defendant MGM Mirage ("Defendant") at its contact center for room reservations. During his employment, Plaintiff allegedly suffered from severe migraine headaches, light sensitivity, weakness, nausea and/or vomiting. These afflictions caused him to seek leave under the Family and Medical Leave Act ("FMLA") three to four times a month throughout his tenure working for Defendant. Plaintiff also alleges that he requested intermittent FMLA leave for the period from January 16, 2009 to January 15, 2010 and that Defendant approved that leave. However, on January 22, 2009, Plaintiff was notified by Defendant that he would be suspended pending investigation for exceeding his allotted attendance points

regardless of his approved FMLA leave.  Then, on January 26, 2009, Defendant's human resources director notified Plaintiff that his FMLA paperwork was incomplete and Plaintiff had to return to the neurologist to complete the paperwork.  Plaintiff then returned to the neurologist, completed the paperwork, and faxed it to Defendant.  Thereafter, on January 27, 2009, Defendant allegedly terminated Plaintiff for absence, regardless of the completed FMLA paperwork that was submitted on the same day.  This lawsuit followed, in which Plaintiff sued Defendant under two theories: (1) violation of FMLA, and (2) negligent hiring, training, and supervision.

Defendant's Motion to Dismiss only concerns the second cause of action contained in the Complaint: negligent hiring, training, and supervision.  Defendant contends that, under Nevada law, a Plaintiff can only prevail on such a claim if he was either threatened with physical violence or suffered physical injury as a result of the negligent hiring, training, and supervision. (Mot. 1, ECF No. 5.)  Because the Complaint contains no allegations that Plaintiff was threatened with physical violence or suffered physical injury as a result of Defendant's alleged negligence, Defendant argues that Plaintiff's claim fails as a matter of law.

**II.    DISCUSSION**

The principal question before this Court is whether Nevada law requires a plaintiff to show that he was threatened with physical violence or suffered physical injury as a result of the defendant's negligent hiring, training, and supervision.  If such a showing is required, then Defendant's Motion will likely be granted.  If such a showing is not required, then Defendant's Motion will probably be denied.

However, the Court will refrain from addressing the question at this time.  As the Court discussed at length in its August 9, 2010 Order (ECF No. 20) in 2:10-cv-00303-GMN-LRL, *Robertson v. Wynn Las Vegas LLC*, which was issued four days after

Defendant filed its Motion to Dismiss in this case, the Nevada Supreme Court has never addressed this question, and the courts of this District are in disagreement regarding its answer. Accordingly, the Court has certified to the Nevada Supreme Court a question closely approximating the one raised in this case,[1] and will wait for a response from the Supreme Court before addressing this state law question. The Court therefore stays this Motion until the resolution of the question of law certified to the Nevada Supreme Court by this Court's August 9, 2010 Order (ECF No. 20) in 2:10-cv-00303-GMN-LRL, *Robertson v. Wynn Las Vegas LLC*, at which time the Court may request further briefing, if appropriate.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is STAYED pending the resolution of the question of law certified to the Nevada Supreme Court by this Court's August 9, 2010 Order (ECF No. 20) in 2:10-cv-00303-GMN-LRL, *Robertson v. Wynn Las Vegas LLC*.

DATED this 17th day of November, 2010.

_____
Gloria M. Navarro
United States District Judge

---

[1] Specifically, the Court certified the following question to the Nevada Supreme Court: "Does a claim for Negligent Training and Supervision in Nevada require that the plaintiff suffer physical harm as a result of the employer's negligence in training or supervising the employee that terminated the plaintiff?"